UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **TRISTAN MANDIGO** | **CIV. ACTION NO. 5:21-03906** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **CONQUEST COMPLETION SERVICES, L. L. C.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel documents and discovery responses [doc. # 22] filed by Defendant Conquest Completion Services, L.L.C. ("Conquest"). The motion is opposed. For reasons assigned below, the motion is DENIED.[1]

## Background

On November 9, 2021, Plaintiff Tristan Mandigo ("Mandigo") filed the instant complaint under Title VII of the Civil Rights Act of 1964 against his former employer, Conquest, to recover declaratory, injunctive, and monetary relief for unlawful raced-based discrimination and retaliation. *See* Compl.

On February 28, 2022, the parties filed their Rule 26(f) report wherein they agreed to exchange their respective initial disclosures on or before March 2, 2022, but under the section entitled "Discovery Issues," further agreed to exchange responses (including documents and information) pursuant to the standard "Initial Discovery Protocols for Employment Cases Alleging

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

Adverse Action" (hereinafter, "Initial Discovery Protocols" or "IDP") employed by some courts in the Fifth Circuit. (Rule 26(f) Case Mgmt. Report [doc. # 16]). The parties were to exchange the Initial Discovery Protocols by April 22, 2022. *Id*. They also agreed that "[t]his proposal" did not waive either side's right to propound additional written discovery. *Id*.

The exemplar Initial Discovery Protocols submitted by Conquest hails from the Galveston Division of the Southern District of Texas and specifies that they are intended to supersede the parties' obligations to make initial disclosures under Rule 26(a)(1), and to encourage the parties to exchange relevant information and documents early in the case to make for more efficient and targeted discovery. (IDP; M/Compel, Exh. A [doc. # 22-2]). The IDP further details that it is subject to supplementation under Rule 26(e) and certification of responses under Rule 26(g). *Id*.

On March 9, 2022, Mandigo provided Conquest with his Rule 26(a) initial disclosures. *See* Init. Discl.; Pl. Resp., Exh. [doc. # 24-1]. On April 22, 2022, Conquest served Mandigo with its responses to the IDP pursuant to the parties' Rule 26(f) report agreement. Mandigo, however, did not respond in kind.

Over the next several months, counsel for Conquest pressed Mandigo's counsel for responses to the IDP. *See* Decl. of Andrew Reed and Exhibits attached thereto; M/Compel, Exh. A [doc. # 22-2]). In an August 4, 2022, email, a paralegal affiliated with Mandigo's attorney advised defense counsel that Mandigo's attorney was "working on the response to the protocols in this matter." (Aug. 4, 2022 email from J. Hopkins to A. Reed; M/Compel, Exh. 10 [doc. # 22-2]).

On November 7, 2022, at the close of discovery, Conquest filed the instant motion to compel Mandigo to respond to the agreed IDP and to produce certain notes referenced in Mandigo's deposition.

2

On November 28, 2022, Mandigo filed his response to the motion wherein his attorney asserted that she had agreed to provide Conquest with the information sought by the IDP and that "[s]he ha[d] done so." (Pl. Resp., pg. 1 [doc. # 24]). Counsel further noted that nothing in the motion detailed any information that was due via the IDP, which had not been produced by Mandigo or for which Conquest had not had an adequate opportunity to obtain. *Id*. As for the notes referenced in Mandigo's deposition, counsel delivered them simultaneously with the filing of her response. *Id*.

On November 30, 2022, Conquest filed a reply brief in which it agreed that the issue of Mandigo's notes had been mooted by Mandigo's production. (Def. Reply [doc. # 25]). As for the missing IDP, Conquest argued that, even though Mandigo responded to other discovery requests and sat for his deposition, this did not excuse him from responding to the agreed IDP, especially since opposing counsel's paralegal had represented in August that counsel was working on them. *Id*. Accordingly, the matter is ripe.

## **Analysis**

Rule 26 details a party's initial disclosure requirements, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court . . ." FED. R. CIV. P. 26(a)(1)(A). Rule 37 provides that "[i]f a party fails to make a disclosure required by Rule 26(a) any other party may move to compel disclosure and for appropriate sanctions." FED. R. CIV. P. 37(a)(3)(A). Furthermore, a party seeking discovery may move for an order compelling an answer, production, or inspection if a party, *inter alia*, fails to answer an interrogatory or fails to produce requested documents. FED. R. CIV. P. 37(a)(3)(B)(iii-iv). An evasive or *incomplete* answer or response is treated as a failure to answer or respond. FED. R. CIV. P. 37(a)(4).

3

Here, Mandigo provided Conquest with his initial disclosures on March 9 in accordance with Rule 26(a) and ¶ 3 of the parties' Rule 26(f) Report. In the *Discovery* section of the Rule 26(f) report, the parties agreed to disclose additional discovery information in accordance with the IDP. While the IDP provision referenced by Conquest indicated that the IDP was to supersede the Rule 26(a) initial disclosures, that does not appear to be what the parties anticipated in the Report. Ultimately, the Rule 26(f) report is ambiguous. Furthermore, the stated purpose of the IDP is to help frame later discovery. By now, however, discovery is closed. In fact, Conquest has filed a dispositive motion. *See* MSJ [doc. # 26]. Finally, Conquest has not identified any information or documents that should have been disclosed via the IDP, which has not been disclosed via ordinary discovery.

Under these circumstances, the court is not persuaded that a motion to compel is warranted or available. Of course, Conquest may resort to Rule 37(c), where appropriate, if it turns out that Mandigo failed to provide information or to identify a witness as required by Rule 26(a) or (e). *See* FED. R. CIV. P. 37(c). In the interim,

IT IS ORDERED that Conquest's motion to compel documents and discovery responses, together with its request for all other just and equitable relief, [doc. # 22] is DENIED.

In Chambers, at Monroe, Louisiana, on this 21st day of December, 2022.

*[signature: Kayla Dye McClusky]*

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE